KLINE (PENN v.). See Case No. 10.934.

KLINGLER (GREENE v.). See Case No. 5,767.

KLIPPELL (BURFORD v.). See Case No. 2,114.

KLORKGETER (BUCKER v.). See Case No. 2,083.

## Case No. 7,871.

### KLOTS et al. v. The RED JACKET.

[N. Y. Times.]

District Court, S. D. New York. Feb. 6, 1863.

COLLISION—WEIGHT OF EVIDENCE OF PASSENGERS.

[In collision cases the testimony of passengers, who have no practical knowledge of seamanship, should be received with caution.]

This case was a libel filed by the owners of the schooner Henry Ransom to recover the damages occasioned to her by a collision with the steamer on June 2, 1860. The libelant alleged that the schooner was bound from Elizabethport, New Jersey, to Pawtucket, Rhode Island, with a cargo of coal. That while in the channel leading from Elizabethport to the Kills, the wind being fresh from the north, and the schooner closehauled on her larboard tack, with a double-reefed mainsail, she saw the steamer, which had left Staten Island, bound for Elizabethport, and was heading north of the schooner. That the channel was three hundred feet wide, and there was room enough for the steamer to have passed on that side, but the steamer sheered to the

south, and crowded on the schooner, which at the last moment ported her helm to avoid the collision, but too late. The Elizabethport and New York Ferry Company, claimants of the steamer, denied the case set up by the libelants, and alleged that the collision was caused by the schooner's crossing the channel and running into the steamboat.

Scudder & Carter, for libelants.
Mr. Morton, for claimants.

SHIPMAN, District Judge. This libel is brought to recover damages for a collision which occurred in the Kills on the 2d of June, 1860, which resulted in the sinking of the schooner of the libelants, as they allege, through the carelessness of those in charge of the steamer. The case presents an instance of the obstinate and irreconcilable conflict of evidence. The collision of the witnesses is as palpable as that of the vessels. But I think that the narrative of those on board the schooner is the more clear, intelligent and reliable. It is certainly more so than the account given by those in charge of the steamer, and, were it not for the testimony of some passengers on board of the latter, the weight of evidence would be clearly in favor of the libelants. The testimony of passengers, however, who have no practical knowledge of the navigation of vessels, is not always reliable in cases of collision of this character. To the greater clearness and consistency of the libelants' witnesses must be added the character and direction of the wound inflicted on the hull of the schooner by the stem of the steamer. This wound, as it stands clearly on the proofs, could not have been produced by a collision at the angle described by the claimants' witnesses, while its shape and direction tend directly to confirm the witnesses for the libelants. And I think it shows with reasonable certainty that the steamer was at fault in not giving the schooner sufficient room, under the circumstances, to pass safely to the southward of her. Decree for libelants, with a reference.